[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16362
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00013-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONTAVIS DIDREXIS WIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 4, 2013)

Before BARKETT, MARCUS,  and MARTIN, Circuit Judges.

PER CURIAM:

Rontavis Didrexis Wiggins appeals the revocation of his supervised release. During the revocation hearing, the district court provided Wiggins with an opportunity to make a statement before it imposed a sentence, and Wiggins made the following allocution:

> I just want to let you know, Your Honor, I just—you know, I apologize for bringing myself through all these problems and stuff, because you know, ain't nobody suffering or going through none of these problems but me.
> You know, at this moment—I ain't gonna come to you with no religion, about no gods or nothing because at this moment I see you as God. You're the reason—if you want me to go home, I can go home. If you want me to go on the road, I'll go up the road. You got control of everything.
> All I want to say is me and my lawyer we have already done talked about that. I'm willing to take the 12 months up the road. Pretty much—that's what he said you probably pretty much going to recommend me getting anyway and do away with the paper. I'm ready to get on the road. Thank you, sir.

After Wiggins finished, the district court stated, "I'm not sure I got everything he said. His accent is difficult for me to understand, and he talked rather fast." Wiggins offered to repeat his statement, but the district court declined and said, "Once is enough. [Wiggins's attorney] will elaborate." Wiggins's attorney asked the district court to impose a 12-month term of imprisonment. At the conclusion of the hearing, the district court revoked Wiggins's supervised release and imposed an 18-month term of imprisonment. The district court asked if there were any objections to the sentence or the manner in which it was imposed, and Wiggins, through counsel, indicated that there were none.

2

Now Wiggins argues, for the first time on appeal, that the district court effectively denied his right of allocution at the revocation hearing when the district court indicated it may not have understood all of Wiggins's allocution but declined to have Wiggins repeat it. Because Wiggins failed to object at the hearing, we review the ruling only for plain error." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011) (quotation omitted), *cert denied*, 132 S.Ct. 1943 (2012).

Under the plain error standard, error is reversible if: "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *Id.* We do not find that the manner in which the district court conducted allocution at Wiggins's revocation hearing constituted plain error. The explicit language of Federal Rule of Criminal Procedure 32.1(b)(2)(E) requires that the district court provide the defendant at a revocation hearing "an opportunity to make a statement and present any information in mitigation." Fed.R.Crim.P. 32.1(b)(2)(E). While a defendant is entitled to have his allocution considered, it is not plain here that the district court failed to consider Wiggins's allocution, especially given that Wiggins's allocution failed to identify any mitigating factors the district court could have considered, his willingness to accept a 12-month imprisonment term was repeated by his counsel

3

after the district court said that counsel would elaborate, and that he was given another opportunity to object to the sentence imposed.

**AFFIRMED.**